**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALICIA D. HOLLINGSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 2139 DDN |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

This action is before the court on the motion of defendant United Airlines, Inc., to dismiss the petition of plaintiff Alicia D. Hollingsworth under Fed. R. Civ. P. 12(b)(6). (ECF No. 6). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). After hearing oral arguments from the parties on February 10, 2017, the court grants defendant's motion.

## I.     BACKGROUND

Plaintiff Alicia D. Hollingsworth alleges the following facts in her state court petition. On February 16, 2012, she started her work day as a United Airlines flight attendant in St. Louis, Missouri. (ECF No. 1, Ex. 1 at ¶¶ 5-9). Upon disembarking at the O'Hare Airport in Chicago, Illinois, plaintiff attempted to use the handrail on the plane's stairs. (*Id.*) Plaintiff alleges that United Airlines, through its agents, employees, and servants, failed to install the locking pins into the handrail. (*Id.*) The handrail collapsed and she fell onto the tarmac and injured her head, neck, back, and spine. (*Id.*)

On October 1, 2013, plaintiff filed a claim against defendant in the Circuit Court of Cook County, Illinois. (ECF No. 11). She subsequently dismissed the action

voluntarily on May 5, 2015. (*Id.*) A year later, on May 4, 2016, she moved to reinstate her claim in that Circuit Court. (*Id.*) This motion was granted, allowing the Illinois claim to proceed. (*Id.*) However, defendant moved for reconsideration, which the Illinois judge granted, vacating his prior order and denying the motion to reinstate. (*Id.*) Plaintiff appealed this decision, and the appeal is still pending in the Illinois Court of Appeals. (*Id.*)

On November 9, 2016, plaintiff filed the instant petition in the Circuit Court of St. Francois County, Missouri. (ECF No. 4). On December 22, 2016, defendant removed the action to this federal court, invoking this court's original diversity of citizenship subject matter jurisdiction. (ECF No. 1); 28 U.S.C. §§ 1332(a), 1441(a).

## II.    MOTION TO DISMISS

Defendant moves to dismiss plaintiff's petition, because under Missouri's borrowing statute, it is barred by the Illinois statute of limitations for personal injury claims, and it thus fails to state a claim upon which relief may be granted. (ECF No. 7); 735 ILCS § 5/13-202; Fed. R. Civ. P. 12(b)(6). Plaintiff argues that the Illinois appeal is still pending, so it is not certain that her claim is "fully barred" by Illinois law via Missouri's borrowing statute. (ECF No. 11).

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss part or all of a case for its failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). A complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555. In reviewing the pleadings under this standard, the court accepts all of the plaintiff's factual allegations as true and draws all inferences

in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012).

In addressing a motion to dismiss, the court considers the pleadings themselves and limited other materials, including matters of public record. *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). Where the complaint itself establishes that the claim is time-barred, a dismissal pursuant to Rule 12(b)(6) is proper. *Id.*

**B.      Discussion**

A federal court implementing its diversity jurisdiction applies the law of the forum state when ruling on issues concerning statutes of limitations. *Nettles v. American Tel. and Tel. Co.,* 55 F.3d 1358, 1362 (8th Cir. 1995). When Missouri is the forum state, it considers statute of limitations issues to be procedural and thus governed by Missouri law. *Wright v. Campbell,* 277 S.W.3d 771, 773 (Mo. Ct. App. 2009). Under Missouri law, the statute of limitations in a personal injury action is five years. Mo. Rev. Stat. § 516.120(4). However, Missouri recognizes a statutory exception to the application of its own statutes of limitations, in the form of a borrowing statute:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

Mo. Rev. Stat. § 516.190. As applied by Missouri courts, the Missouri borrowing statute "provides for application of a foreign statute of limitations when [1] the alleged action originated in the foreign jurisdiction and [2] the foreign statute of limitations would bar the action." *Harris-Laboy v. Blessing Hosp., Inc.,* 972 S.W.2d 522, 524 (Mo. Ct. App. 1998).

The borrowing statute's primary purpose is to prevent a plaintiff from forum shopping for a more beneficial statute of limitations. *Finnegan v. Squire Publishers, Inc.,* 765 S.W.2d 703, 705 (Mo. Ct. App. 1989). It prevents a plaintiff from "gaining more

time to bring an action merely by suing in a forum other than where the cause of action accrued." *Id.*

Plaintiff has brought a single claim of negligence. (ECF No. 1, Ex. 1 at ¶¶ 10-19). Although the Supreme Court of Missouri has not interpreted "cause of action" as this term is used in Section 516.190, it has generally adopted the Black's Law Dictionary definition of a "cause of action" as "a group of operative facts giving rise to one or more bases for suing." *Chesterfield Village, Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002).

The first prong in this case is easily met. Plaintiff's cause of action originated in Illinois. The Supreme Court of Missouri has interpreted the term "originated" to mean "accrued." *Thompson by Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. banc 1992) (citing Mo. Rev. Stat. § 516.100). A cause of action "accrues" "when the right to sue arises," which also triggers the running of the statute of limitations. *State ex rel. Beisly v. Perigo*, 469 S.W.3d 434, 437 (Mo. 2015). So here, plaintiff's personal injury claim accrued when her "injuries were sustained and capable of ascertainment." *Benton v. Cracker Barrel Old Country Stores, Inc.*, 436 S.W.3d 632, 634 (Mo. Ct. App. 2014). For purposes of the borrowing statute, plaintiff's claim originated on February 16, 2012, in Illinois, because that is when and where she sustained her injuries from defendant's alleged negligence. (ECF No. 1, Ex. 1 at ¶¶ 5-9).

The second prong, which requires the cause of action to be "fully barred" by the foreign statute of limitations, has also been met, even though the Illinois appeal is pending. Missouri courts have interpreted the borrowing statue to import not only the foreign jurisdiction's limitations period, but also its accrual provisions and tolling doctrines. *See Thompson*, 833 S.W.2d at 872; *cf. McMillan v. Pilot Travel Centers, LLC,* 2016 WL 6695389, at *4 (Mo. Ct. App. Nov. 15, 2016). Even when liberally applying Illinois' tolling doctrines to plaintiff's claim, the instant action, commenced in the Missouri circuit court and removed to this court, was filed outside of the applicable statutes of limitations.

Under Illinois law, a personal injury claim "shall be commenced" within two years after the cause of action accrued. 735 Ill. Comp. Stat. § 5/13-202. If a plaintiff voluntarily dismisses her claim, Illinois law provides a one-year statute of limitations for refiling it. 735 Ill. Comp. Stat. § 5/13-217. Plaintiff commenced her Illinois claim approximately twenty months following her injury, well within the two-year period. (ECF No. 11). She voluntarily dismissed that action on May 5, 2015. *Id.* The matter of whether her May 2016 filing was timely is currently on appeal in Illinois. *Id.*

Plaintiff argues that because the timeliness of her May 2016 refiling is on appeal in Illinois, her claim is not yet fully barred by the laws of that state. (ECF No. 11). The court disagrees. Plaintiff voluntarily dismissed her claim on May 5, 2015. Under the Illinois savings provision, she had, at most, one year to re-file her claim before it would be time-barred. 735 Ill. Comp. Stat. § 5/13-217. Plaintiff has not argued that any other tolling doctrine applies. Plaintiff's Missouri state court petition was filed one and a half years after her voluntary dismissal, on November 9, 2016, a full six months outside of the limitations period. (ECF No. 4). The untimeliness of this claim is apparent from the face of plaintiff's petition and the record of the state court proceedings in Illinois, which are a matter of public record. Furthermore, under the Illinois statute, plaintiff is only entitled to one re-filing after voluntary dismissal, and the Illinois re-filing occurred prior to her filing this case in the Missouri circuit court. *Flesner v. Youngs Dev. Co.*, 582 N.E.2d 720, 721, 145 Ill.2d 252, 254 (1991) ("[S]ection 13-217 expressly permits one, and only one, refiling of a claim [after voluntary dismissal] even if the statute of limitations has not expired."); *Fourth Street Villas, LLC v. United Central Bank*, 2016 WL 108064 at *3 (App. Ct. Ill., First. Dist. Dec. 5, 2016) (ruling Illinois single refiling rule applies to counterclaims).

Accordingly, regardless of the outcome of her Illinois appeal, the Illinois statutes of limitations unequivocally apply to bar plaintiff's Missouri claim. If the pending appeal in Illinois affirms the dismissal of the case below, then plaintiff concedes the claim is

time barred.  (ECF Nos. 10, 11, 17).  If the pending appeal in Illinois reinstates the Illinois case, the Missouri case was still filed six months out of time.[1]

Plaintiff's argument suggests that as long as a case is pending in another state, the borrowing statute cannot operate to bar it in Missouri.  While this interpretation might have a foothold in the plain text of the statute, it would contradict the rationale for the statute and the case law applying it.  *See, e.g., Harris-Laboy v. Blessing Hosp., Inc.,* 972 S.W.2d 522, 524 (Mo. Ct. App. 1998) (interpreting "fully barred" to mean the foreign statute of limitations would bar the action); *Finnegan v. Squire Publishers, Inc.,* 765 S.W.2d 703, 704 (Mo. Ct. App. 1989) ("When a cause of action originates in a state other than Missouri, . . . Missouri courts apply the foreign state's statute of limitations through the borrowing statute.").

Plaintiff's petition is therefore dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.


### III.  ORDER

For the above reasons,

**IT IS HEREBY ORDERED** defendant's motion to dismiss (ECF No. 6) is **GRANTED**.  This action is dismissed with prejudice.


___/S/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 13, 2017.

---

[1] Counsel for plaintiff suggested at oral argument that if the Illinois appellate court reinstates plaintiff's Illinois claim, plaintiff might again voluntarily dismiss that case and then file in Missouri under Missouri's five-year statute of limitations.  (ECF No. 17).  However, even if plaintiff were to voluntarily dismiss her case in Illinois, this would not change the fact that the injury originated in Illinois.  Her claim would still be barred by the Illinois statute of limitations, which Missouri courts and this court would apply, regardless of the posture of any Illinois proceeding.